Randall B. Bateman (USB 6482)
Sarah W. Matthews (USB 13295)
BATEMAN IP, P.C.
257 East 200 South, Suite 750
P.O. Box 1319
Salt Lake City, Utah 84110
Tel: (801) 533-0320/Fax: (801) 533-0323
Email: mail@batemanip.com, rbb@batemanip.com, sm@batemanip.com

Attorneys for Plaintiffs,
Denmel Holdings, LLC and Melanie Reah

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DENMEL HOLDINGS, LLC, a Utah limited liability company, and MELANIE REAH, an individual,<br><br>Plaintiffs,<br>vs.<br><br>C.E. SUPPLY, INC., a California corporation; MAGNADYNE CORPORATION, a California corporation; and DOES 1-5,<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No. _____<br><br>Judge _____ |

Plaintiffs, Denmel Holdings, LLC and Melanie Reah ("Plaintiffs" or "Denmel"), hereby complain against Defendants, and allege as follows:

## PARTIES

1. Plaintiff Melanie Reahis an individual that resides in Amanzimtoti, South Africa.

2. Plaintiff Denmel Holdings, LLC, is a limited liability company organized under the laws of the State of Utah.

3. Defendant C.E. Supply, Inc. is a corporation organized and existing under the laws of the state of California, having a place of business in Compton, California.

4. Defendant Magnadyne Corporation is a corporation organized and existing under the laws of the state of California, having a place of business in Compton, California.

5. On information and belief, DOES 1-5 are business entities and individuals who have participated in the acts alleged herein and have infringed Plaintiffs' patent by making, using, selling, offering for sale, or importing infringing products in the United States, and/or inducing or contributing to infringement of United States Patent No. 6,982,542 ("the '542 Patent").

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281, and 283, among others. This Court has jurisdiction over the patent claims under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this district by virtue of 28 U.S.C. §§ 1391 and 1400 because, on information and belief, Defendants' acts of infringement took place and, on information and belief, are taking place within this jurisdiction and because Defendants either reside in this District, can be found in this District or are otherwise subject to personal jurisdiction in this

District by making, using, selling, offering for sale, or importing infringing product in this district, and/or inducing and contributing to infringement in this district.

## **GENERAL ALLEGATIONS**

8. On January 3, 2006, the '542 Patententitled, "Accessory for Use with Mobile Telephones" was issued to Denis Reah, the sole inventor named therein. A true and correct copy of the '542 Patent is attached hereto as Exhibit A and expressly incorporated herein.

9. On November 9, 2009, Denis Reah passed away.

10. Upon his death, the estate of Denis Reah owned all right, title and interest in the '542 Patent.

11. On February 17, 2010, the estate of Denis Reah assigned ownership of the '542 Patent to Plaintiff, Melanie Reah, the widow of Denis Reah.

12. Plaintiff, Denmel Holdings, LLC, has been granted an exclusive license to make, use, sell, offer for sale, import, or otherwise benefit from the rights granted by the '542 Patent in the United States, including the right to sublicense the '542 Patent.

13. Plaintiffs have granted sublicenses to third parties ("sublicensees") under the '542 Patent, including rights to make, use, sell, offer for sale, and import products that come within the scope of the '542 Patent.

14. The subject matter ofthe '542 Patent relates tocharging stations/ valets ("Charging Stations") for mobile telephones, PDAs, or other electronic devices.

15. The scope of the claims of the '542 Patent encompass Charging Stations which have structures to hold multiple mobile telephones, PDAs, or other electronic devices and their respective charging cables.

16. The '542 Patent is valid and enforceable.

17. Defendants have infringed and, on information and belief, continue to infringe, directly, contributorily, and/or through the inducement of others, by manufacturing, selling, offering for sale, and/or importing Charging Stations that come within the scope of one or more claims of the '542 Patent thereby infringing the '542 Patent, including at least independent claim 1 of the '542 Patent, or which are taught to be used in accordance with one or more claims of the '542 Patent, without authority or license from Plaintiffs.   Screenshots of Defendants' websites showing infringing Charging Stations are attached hereto as Exhibit B.

18. The presence of infringing Charging Stations in the United States interferes with the ability of Denmel Holdings, LLC to enter into the United States market for Charging Stations, and interferes with the rights granted to Plaintiffs' sublicensees.

19. Defendants have sold or offered for sale at least one of the infringing Charging Stations in Utah, or placed infringing Charging Stations in the stream of commerce with the expectation that they would be purchased by residents of Utah.

**FIRST CLAIM FOR RELIEF**

**DIRECT PATENT INFRINGEMENT 35 U.S.C. § 271(a)**

20. Plaintiffs incorporate herein each and every allegation of paragraphs 1 through 19

of this Complaint as if fully set forth herein and further allege as follows:

21. The '542 Patent has at all times subsequent to its issue date been valid and fully enforceable.

22. Plaintiffs are, respectively, the owner and exclusive licensee of the '542 Patent.

23. On information and belief, Defendants make, use, sell , offer for sale, and/or import Infringing Products that come within the scope of one or more claims of the '542 Patent.

24. On information and belief, Defendants make, use, sell, offer for sale, and/or Import Infringing Products that come within a range of equivalents of the claims of the '542 Patent.

25. All making, using, selling, sale offerings, and/or importing of Infringing Products, by Defendants has been without authority or license from Plaintiffs and in violation of Plaintiffs' rights, thereby infringing the '542 Patent.

26. The amount of money damages which Plaintiffs have suffered due to Defendants' acts of infringement cannot be determined without an accounting, but Plaintiffs are entitled to at least a reasonable royalty for all Infringing Products made, used, sold, offered for sale, and/or imported by Defendants.

27. Further, harm to Plaintiffs arising from Defendants' acts of infringement is not fully compensable by money damages. Rather, Plaintiffs have suffered, and continue to suffer, irreparable harm for which there is no adequate remedy at law and which will continue until Defendants' conduct is enjoined.

## SECOND CLAIM FOR RELIEF

## INDUCEMENT OF PATENT INFRINGEMENT 35 U.S.C. § 271(b)

28. Plaintiffs incorporate herein each and every allegation of paragraphs 1 through 27 of this Complaint as if fully set forth herein and further allege as follows:

29. On information and belief, Defendants have actively induced, and are now inducing others to make or useinfringing Charging Stationsthat come within the scope of one or more claims of the '542 Patent.

30. On information and belief, the Defendants have induced others to make or use infringing Charging Stationsin violation of Plaintiffs' rights under the '542 Patent.

31. On information and belief, Defendants are aware of the '542 patent and have induced infringement in deliberate disregardfor the rights of Plaintiffs.

32. On information and belief, Defendants have unlawfully derived, and continue to unlawfully derive income and profits by inducing others to infringe the '542 Patent.

33. On information and belief, Plaintiffs have suffered and continue to suffer damages as a result of Defendants' inducement to infringe the '542 Patent.

34. The amount of money damages which Plaintiffs have suffered due to Defendants inducing others to infringe the '542 Patent cannot be determined without an accounting, but Plaintiffs are entitled to at least a reasonable royalty.

35. On information and belief, Plaintiffs have suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law because of Defendants'

inducement of others to make and use products that infringe the '542 Patent, and will continue to be harmed unless Defendants are enjoined from further acts of inducement.

## THIRD CLAIM FOR RELIEF

## INJUNCTIVE RELIEF 35 U.S.C. § 283

36.     Plaintiffs incorporate herein each and every allegation of paragraphs 1 through 35of this Complaint as if fully set forth herein and further allege as follows:

37.     As a result of Defendants' actions, Plaintiffs have suffered and will continue to suffer irreparable harm, including loss of goodwill and the loss of customers.

38.     Moreover, Defendants' actions have interfered with Plaintiffs'ability to enter the United States market and will continue to cause irreparable injury unless enjoined.

39.     Furthermore, Defendants' actions interfere with the rights granted to Plaintiffs' sublicensees.

40.     The injury to Plaintiffs and Plaintiffs' sublicensees outweighs the harm an injunction may cause to Defendants.

41.     The order and injunction will not be adverse to the public interest.

42.     There is a substantial likelihood thatPlaintiffs will prevail on the merits of the underlying claims, because the infringing Charging Stations meet each element of at least one claim of the '542 Patent and the '542 Patent is valid and enforceable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for an Order, Judgment, and Injunction as follows:

A.　　On each of the Claims for Relief, for a judgment in favor of Plaintiffs and against Defendants, including an award of damages and injunctive relief as determined at trial or by the Court, including punitive or other exemplary damages, along with additional interest, costs, and attorney fees.

B.　　Judgment that United States Patent No. 6,982,542 is valid and infringed by Defendants, and

　　i.　　For damages for patent infringement in an amount to be determined at trial, such damages being not less than a reasonable royalty;

　　ii.　　That Defendants, their agents, servants, employees, directors, and those persons in active concert or participation with them, individually and/or jointly, be enjoined under 35 U.S.C. §283 from further violation of Plaintiffs' patent rights or such terms as the Court deems reasonable, including, without limitation, that Defendants cease making, selling, offering for sell, or distributing the infringing Charging Stations and any other products which infringe the '542 Patent;

　　iii.　　That Defendants be ordered to file with this Court and serve on Plaintiffs within thirty (30) days after service on Defendants of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and order of the Court;

    iv. That Defendants be ordered to payPlaintiffs' attorneys' fees and costs and disbursements for this action under 35 U.S.C. §285; and

    v. That Defendants be required to pay pre-judgment and post-judgment interest until such awards are paid.

  C. That Defendants cease using all marketing or advertising materials reflecting the infringing Charging Stations.

  D. That Defendants destroy all materials using or containing the infringing Charging Stations and all advertisements in their possession or control.

  E. That Defendants recall all labels, signs, prints, packages, advertisements, promotional and/or marketing materials that reflect the infringing Charging Stations.

  F. That Defendants shall notify all affiliates which market or sell the infringing Charging Stations of this Court's order.

  G. That Defendants place a corrective statement in each venue, and through each form of media, where Defendants made or promulgated advertisements reflecting the infringing Charging Stations.

  H. That Defendants provide a copy of the Order of this Court to all consumers identified through reasonable efforts who received infringing Charging Stations.

  I. That Defendants are prohibited from continuing the unlawful conduct as set forth above in this Complaint.

  J. That Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert of participation with them, who receive actual notice of the

Court's injunction by personal service or otherwise, be first preliminarily, and thereafter permanently, enjoined and restrained, as requested above.

K. Plaintiffs further pray for all other damages to which it is entitled for any of their claims, including without limitation actual damages, exemplary damages, consequential damages, incidental damages, punitive damages, lost profits, and damages for intangible injuries as this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims for relief and all issues so triable.

DATED: January 13, 2015.

>BATEMAN IP, P.C.
>
>By: /s/Sarah W. Matthews
>    Randall B. Bateman
>    Sarah W. Matthews
>
>*Attorneys for Plaintiffs*
>Denmel Holdings LLC and Melanie Reah